On Application for Rehearing.
EN BANC.
PER CURIAM.
On application for rehearing, counsel for plaintiffs-appellees points out, inter alia, that in our original opinion we assigned no reasons for reversing that portion of the trial court’s judgment which rejected the demands .of defendant, Elliot Ross Buckley, for attorney’s fees.
The record shows that pursuant to an order of court issued on January 9, 1963, the property of Elliot Ross Buckley was wrongfully attached since he was not a party defendant to the suit at that time. He joined with others in filing a rule to show cause why the wrongful attachment should not be dissolved and why plaintiffs should not be cast for damages and attorney’s fees. Plaintiffs thereupon amended their petition to include Elliot Ross Buckley as a party defendant, but the attachment of his property was not dismissed. A hearing on the rule to show cause why the attachment should not be dissolved was held on February 13, 1963, and judgment was rendered on that date denying the demands of Elliot Ross Buckley and others to have the attachment dissolved and for attorney’s fees, the formal decree being signed on March 18, 1963. After that judgment was rendered the defendants, including Elliot Ross Buckley, served notice of their intent to apply for writs of certiorari, prohibition and mandamus to this court, this notice be *307 ing given on February 21, 1963. Plaintiffs thereafter, on March 6, 1963, voluntarily dismissed the attachment.
The original attachment was obtained on the ground that the sole defendant named in the original petition, Edward Buckley, d/b/a Estate of E. L. Buckley, was a non-resident of the State of Louisiana and an attachment bond of only $250 was supplied. Defendant, Elliot Ross Buckley, is and was at the time of the institution of this suit a resident of the State of Louisiana. It is apparent, therefore, that the attachment was wrongfully issued against this defendant. It apparently was necessary for him to employ counsel, to file pleadings, provoke a hearing in court and give notice of intent to apply for writs before the attachment was voluntarily dissolved. Under those circumstances, we think this defendant, Elliot Ross Buckley, is entitled to recover reasonable attorney’s fees.
For these reasons and others set out in the original opinion, the application for rehearing is denied.